UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE
*Plaintiff*

Vs.                                    CA. NO.: 1:21-cv-00252-WES-PAS

STUDENTS FOR LIFE ACTION INC.
&
Kristan Hawkins                        JURY TRIAL REQUESTED
&
DOES 1-10, inclusive
*Defendants*

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

### I. INTRODUCTION

In what is now becoming a well-worn path, Defendants bounced this consumer protection case from state court, hoping to get a quick dismissal in federal court based on a lack of standing. This broken logic works as follows: Defendants remove based on federal question jurisdiction, then Defendants execute an immediate about-face maneuver and attack the Court's own jurisdiction by claiming lack of standing. The problem with this approach is that Defendants lacked a good faith basis for removal *ab initio*. Since the federal courts employ limited jurisdiction, this case should never have been removed and back to state court we go per 28 U.S.C. § 1447(c).

From the beginning, Defendants telegraphed their true intent. While this matter was pending in State Court, Defendants filed an Answer claiming "The plaintiff has suffered no damages."[1] After removing the case, Defendants filed a Motion to Declare Plaintiff a Vexatious Litigant and for Sanctions (ECF 13) and a Motion for Judgment on the Pleadings

---
[1] Answer at Ninth Affirmative Defense.

1

(ECF 12).  In these motions, Defendants declare Plaintiff's action as "frivolous" and brought for improper purpose.  Now they ask the Court to dismiss the entire case since "**Plaintiff Lacks Standing**."  (ECF 12, Page 21, emphasis original).

By hammering away at Plaintiff's lack of injury, Defendants eliminated Plaintiff's Article III standing that this Court must have to establish subject matter jurisdiction.  Since Defendants destroyed this Court's subject matter jurisdiction with care, the Court has no choice but to remand this case to the Washington County Superior Court.  Plaintiff will address Defendants' arguments after discussing the Standard of Review and Jurisdictional Requirements.

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1
II. DEFENDANTS DEMOLISH THIS COURT'S SUBJECT MATTER JURISDICTION ............................................................................................................. 4
III. PLAINTIFF MOVES TO REMAND THIS CASE FOR FOUR REASONS. ............. 4
IV. STANDARD OF REVIEW ............................................................................................ 5
V. JURISDICTIONAL REQUIREMENTS IN REMOVAL CASES ................................ 5
    A. The Court lacks jurisdiction of frivolous claims. ..................................................... 6
    B. Plaintiff lacks injury. ................................................................................................. 8
    C. Defendants argue that Plaintiff wanted the robocalls. ............................................ 9
    D. Plaintiff lacks Article III standing. .......................................................................... 10
CONCLUSION .................................................................................................................... 13

## II. DEFENDANTS DEMOLISH THIS COURT'S SUBJECT MATTER JURISDICTION

After removing the instant matter to this court, Defendants filed two motions, arguing that:

1. Plaintiff's claims are frivolous,[2] vexatious,[3] devoid of merit,[4] and for improper purpose.[5]

2. Plaintiff suffered no damages[6] and Plaintiff manufactured harm.[7]

3. Plaintiff wanted the calls.[8]

4. Plaintiff cannot establish standing.[9]

Defendants eliminated any hope of Plaintiff's Article III standing and this Court's subject matter jurisdiction.

## III. PLAINTIFF MOVES TO REMAND THIS CASE FOR FOUR REASONS.

Plaintiff moves to remand to Superior Court for four reasons:

1. <u>The Court lacks jurisdiction of frivolous claims</u>.

2. <u>Plaintiff lacks injury</u>.

3. <u>Defendants argue that Plaintiff wanted the robocalls</u>.

4. <u>Plaintiff lacks Article III standing</u>.

Plaintiff will address each reason after discussing the Standard of Review and Jurisdictional Requirements.

---

[2] See ECF 13 at Pages 1, 2, 5; ECF 12 at Pages 22-23.
[3] See ECF 13 at Pages 1, 2, 5; ECF 12 at Pages 22-23.
[4] See ECF 13 at Page 5; ECF 12 at Page 23.
[5] See ECF 13 at Pages 1-2; ECF 12 at Page 22.
[6] See ECF 8 at Ninth Affirmative Defense; ECF 12 at Page 20
[7] See ECF 13 at Page 7; ECF 12 at Pages 19, 20, 21, 23: "**Plaintiff's Claims are Based on His Own Manufactured Harm**. (emphasis original)
[8] See ECF 12 at Pages 19-21.
[9] See ECF 12 at Page 21: "**Plaintiff Lacks Standing**" (emphasis original); ECF 13 at Page 5: "**Plaintiff Lacks Standing**".

## IV. STANDARD OF REVIEW

Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. See *Esposito v. Home Depot USA, Inc.*, 590 F. 3d 72 (1st Cir. 2009), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 US 100 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. See *University of South Alabama v. American Tobacco*, 168 F. 3d 405, (11th Cir. 1999), noting that

> A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.
>
> *Id.*, at 411.

## V. JURISDICTIONAL REQUIREMENTS IN REMOVAL CASES

As the party invoking federal jurisdiction, Defendants—not Plaintiff—had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. See *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *BIW Deceived v. Local S6*, 132 F. 3d 824 at 830 (1st Cir. 1997) ("the removing party bears the burden of persuasion vis-a-vis the existence of federal jurisdiction"). Removal is proper only when the federal district court would have had original jurisdiction of the case had it been filed in that court. 28 U.S.C. § 1441(a); See also *BIW Deceived* at 830. Defendants reason that was true of Plaintiff's federal-law claim because § 1441(a) allows removal of cases over which federal courts would have had "original jurisdiction" and 28 U.S.C. § 1331 grants district courts "original jurisdiction" over claims "arising under" a federal statute. But reliance on the phrase "original jurisdiction" is not enough, because federal courts have subject-matter jurisdiction only if constitutional standing requirements

5

also are satisfied. See *Spokeo, Inc. v. Robins*, 136 S.Ct. at 1547–48 (plaintiff lacks standing, and court lacks jurisdiction, without "concrete and particularized" invasion of legally protected interest that is "actual or imminent"); *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688–89 (7th Cir. 2015) (unlike prudential standing, constitutional standing is jurisdictional).

Thus, to establish federal subject-matter jurisdiction, Defendants must also show that Plaintiff has Article III standing—specifically, that he suffered an injury beyond a statutory violation. Defendants believes that once removal based on a federal question gets a defendant's foot in the door of a federal court, the slate is wiped clean and the defendants can challenge jurisdiction. But § 1447(c) makes clear that the district court must remand the case to state court if "**at any time** before final judgment it appears that the district court lacks subject matter jurisdiction." (Emphasis added.) As Defendants' motions make clear, this Court lacked subject matter jurisdiction *ab initio*.

## A. THE COURT LACKS JURISDICTION OF FRIVOLOUS CLAIMS.

Over and over again, Defendants pound away that Plaintiff's claims are "frivolous." See ECF 13 at Pages 1, 2, 5; ECF 12 at Pages 22-23. Defendants note "Plaintiff is undoubtedly aware of the harm caused by frivolous lawsuits and as such sanctions against him are proper despite his pro se status." See ECF 13 at Page 2. However, the Supreme Court has ruled that subject matter jurisdiction does not lie in frivolous lawsuits:

> Subject-matter jurisdiction exists if the right to recover will be sustained under one reading of the Constitution and laws and defeated under another, *unless the claim clearly appears to be immaterial, wholly insubstantial and frivolous, or otherwise so devoid of merit as not to involve a federal controversy.*
> *Steel Co. v. Citizens for Better Environment*, 523 US 83 at 89; (emphasis added).

Defendants filed an answer in the Superior Court on May 28, 2021 stating in their Ninth Affirmative Defense that Plaintiff "suffered no damages." A mere twelve (12) days later, they removed this case to this Court claiming that this Court had original jurisdiction of this matter. Now they filed two motions arguing over and over that all of Plaintiff's claims were frivolous.

But Defendants don't just stop at "frivolous." Defendants argue that Plaintiffs claims are vexatious,[10] devoid of merit,[11] and for improper purpose.[12] Defendants also argues that Plaintiff's claims are wholly insubstantial:

> Plaintiff has commenced this lawsuit despite his lack of standing. It is axiomatic that the Rules prohibit Plaintiff from asserting claims he does not have or even allege actual harm. "[S]tanding requires a concrete injury even in the context of a statutory violation" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).
>
> ECF 13, Page 5.

> Plaintiff is clearly abusing the judicial system for his own financial gain.
>
> ECF 13, Page 4.

Those terms (vexatious, meritless, frivolous) fit quite nicely with the exact terminology that Justice Scalia uses above in *Steele Co.* to exclude subject matter jurisdiction: "*wholly insubstantial,*" "*frivolous,*" "*devoid of merit.*" Then Defendants press even further: Defendants want this Court to dismiss Plaintiff's claims as "frivolous," sanction Plaintiff for bringing a frivolous suit, and restrain and enjoin Plaintiff from bringing "similarly frivolous" suits. The problem with Defendants' argument here is that this Court lacks subject matter jurisdiction of frivolous claims. In the footnotes of *Steel Co.*, Justice Scalia reiterates the position of the Court:

---

[10] See ECF 13 at Pages 1, 2, 5; ECF 12 at Pages 22-23.
[11] See ECF 13 at Page 5; ECF 12 at Page 23.
[12] See ECF 13 at Pages 1-2; ECF 12 at Page 22.

> As we have described earlier, our cases make clear that frivolous claims are themselves a jurisdictional defect.
>
> *Id.* at Footnote 9.

The First Circuit has weighed in on this approach as well:

> "It is true that we lack subject matter jurisdiction over claims that involve no real federal controversy because they "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *McBee v. Delica Co., Ltd.*, 417 F. 3d 107 at Footnote 16 (1st Cir. 2005), citing *Steel Co.*

Defendants' removal at ECF 1 was "solely for the purpose of obtaining jurisdiction" as described above. Where Defendants bear the burden of establishing subject matter jurisdiction, Defendants' subsequent pleadings reveal that the Court cannot have subject matter jurisdiction of frivolous claims.

### B. <u>PLAINTIFF LACKS INJURY.</u>

The word "injury" does not appear in Plaintiff's Complaint. And as Defendants take great pains to argue, Plaintiff suffered no damages or injury.[13]

As Defendants helpfully illustrate, the Eleventh Circuit in *Salcedo v. Hanna*, (D.C. Dkt. No. 0:16-cv-62480-DPG; Appeal No. 17-14077) held that receipt of a few unsolicited text messages, sent in violation of the Telephone Consumer Protection Act, is not a concrete injury to establish standing to sue in federal court. "An FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive." *Larkin v. Fin. Sys. of Green Bay*, 2020 U.S. App. LEXIS 39058, *10, (7th Cir. 2020), citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1621 (2020). "Because [Plaintiff] has not alleged that she suffered an injury from the claimed FDCPA violations,

---

[13] See ECF 8 at Ninth Affirmative Defense; ECF 12 at Page 20; See ECF 13 at Page 7; ECF 12 at Pages 19, 20, 21, 23: "Plaintiff's Claims are Based on His Own Manufactured Harm."

she has failed to plead facts to support her standing to sue." Since the word "injury" appears nowhere in Plaintiff's complaint, Defendants had no basis for removal of this case.

While Plaintiff's Complaint does allude to actual damages, a mere reference to "actual damages" in the complaint's prayer for relief does not establish injury. See *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) (requiring "sufficient factual allegations of an injury resulting from defendants' conduct" to state a plausible claim for relief). Plaintiff's reference to actual damages falls far short of an allegation that Plaintiff suffered a concrete harm or appreciable risk of harm apart from the statutory violation. See *Spokeo*, 136 S.Ct. at 1548; *Meyers*, 843 F.3d at 727-29. This is all the more so where Defendants (who again have the burden of cementing subject matter jurisdiction) argue that Plaintiff's harm was "self-inflicted."

## C. DEFENDANTS ARGUE THAT PLAINTIFF WANTED THE ROBOCALLS.

Of late, federal courts have taken a battering ram to consumers who waste the Court's time with consumer protection claims when the consumers lacked Article III standing. A New Jersey District Court recently granted a defendant's motion for summary judgment and dismissed a proposed TCPA class action, finding that plaintiff's receipt of an unwanted telephone phone call was insufficient to confer Article III standing. See *Leyse v. Bank of America, N.A.*, No. 2:11-07128-SDW-SCM, 2020 U.S. Dist. LEXIS 44234 (D.N.J. Mar. 13, 2020). As the Court saw it, the consumer Leyse could not have suffered any harm from the call because he "**welcomed such calls** in his role as a paid investigator aiding his counsel in the preparation of TCPA lawsuits." *Id.* emphasis added.

This is the same argument that Defendants deploy in their motions:

9

> Plaintiff manufactured the harm by ignoring instructions and failing to unsubscribe in order to generate a cause of action upon which to file a lawsuit and seek money damages. Plaintiff has chosen to disregard the clear instructions on how to unsubscribe. Plaintiff "has within its grasp an easy means for alleviating the alleged" harm but failed to do so and now seeks damages for his failure to unsubscribe. *Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006). Namely, he could have replied with a text stating "STOP" to cease text messages from SFLA. Since Plaintiff's harm is manufactured, judgment on the pleadings in Defendants' favor is proper.
>
> ECF 12, Pages 20-21.

Using that same rationale in *Garcia v Credit One Bank*, Case No. 2:18-CV-191 JCM (EJY), 2020 U.S. Dist. LEXIS 136881 (D. Nv. July 31, 2020) the Court granted summary judgment to the defense concluding that the Plaintiff had suffered no cognizable injury for Article III purposes and otherwise lacked prudential standing to sue under the TCPA because *he had taken affirmative steps to obtain the calls at issue*.

Specifically, the Plaintiff—who was a former debt collector and understood how the TCPA worked—would continuously re-fill minutes on a pay-as-you-go phone plan in the hopes of netting calls. The Plaintiff intentionally allowed calls by Credit One intended for a third party to continue, documenting each one and preparing for suit. The *Garcia* court concluded that the Plaintiff had desired the calls at issue and taken steps to receive the very calls he sued for—so he lacked any form of standing to collect under the TCPA.

When Defendants argue that Plaintiff Laccinole wanted the calls in question, they demolish the requisite standing (which is Defendants' burden to establish) to adjudicate Plaintiff's claims.

D. <u>PLAINTIFF LACKS ARTICLE III STANDING.</u>

As Defendants makes clear in bolded, underlined font in both their Motion to Declare Plaintiff a Vexatious Litigant and for Sanctions (ECF 13) and their Motion for

Judgment on the Pleadings (ECF 12):

### **Plaintiff Lacks Standing**

ECF 12, page 21; ECF 13, page 5.

If that isn't clear enough, Defendants go even further and roll out the greatest hits on standing: *Lujan, Transunion v. Ramirez, Spokeo*, etc. Plaintiff could not have said it better himself! And Defendants are careful here to distinguish Plaintiff's "damages" as "self-inflicted"—therefore robbing Plaintiff of any standing:

> Self-inflicted harm that could be alleviated by the plaintiff does not qualify as an "injury" sufficient to satisfy the basic requirements for standing. *Gonzalez*, 468 F.3d at 831. Where a party "has chosen to remain in the lurch, it cannot demonstrate an injury sufficient to confer standing." *Id.*
>
> ECF 12, Page 21.

What this means is that even if the Court wanted to throw Defendants a lifeline and infer jurisdiction through Plaintiff's general allegations of damages, Defendants explicitly refuse that option and clarify that Plaintiff cannot satisfy standing with self-inflicted harm.

Here, it is clear that Plaintiff's complaint did not sufficiently allege an actual injury:

> As discussed above, Plaintiff chose to not unsubscribe from the communications included within the Complaint. He has therefore manufactured the harm he claims to have suffered **and, as a result, lacks standing required to file suit** under the federal and states statutes and regulations cited in the Complaint.
>
> ECF 12, Pages 21-22; emphasis added.

A mere reference to "actual damages" in the complaint's prayer for relief does not establish Article III standing. See *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) (requiring "sufficient factual allegations of an injury resulting from defendants' conduct" to state a plausible claim for relief). The single reference here falls far short of an allegation that the plaintiffs suffered a concrete harm or appreciable risk of harm apart from the statutory violation. See *Spokeo*, 136 S.Ct. at 1548.

In a recent FDCPA case, then Circuit Judge Amy Coney Barrett wrote for the Seventh Circuit that FDCPA claims lack Article III Standing:

> We begin by emphasizing a basic point: the fact that Congress has authorized a plaintiff to sue a debt collector who "fails to comply with any requirement [of the Fair Debt Collection Practices Act]," 15 U.S.C. § 1692k(a), does not mean that Casillas has standing.
> *Casillas v. Madison Ave. Associates, Inc.*, 926 F. 3d 329; 7th Cir. 2019.

As the Seventh Circuit saw it, bare FDCPA procedural violations don't provide the requisite Article III standing, "In sum, Casillas alleged nothing more than a bare procedural violation of the Fair Debt Collection Practices Act. That is insufficient for purposes of Article III." (*Id.* at 339). Shortly after *Casillas,* the Eleventh Circuit reached the same conclusion. See *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019) (lack of Article III standing for receipt of an unsolicited text messages); See also *Fenwick v. Orthopedic Specialty Inst., PLLC*, No. 0:19-CV-62290, 2020 U.S. Dist. LEXIS 21566 (S.D. Fla. Feb. 4, 2020) (no Article III standing for three unwanted text messages); *Shuckett v. DialAmerica Marketing, Inc.*, No. 17cv2073-LAB (KSC), 2019 U.S. Dist. LEXIS 127049 (S.D. Cal. July 29, 2019) (missed telemarketing calls do not give rise to Article III standing).

In similar circumstances to the instant matter, Florida's Southern District remanded a case recently, where a consumer admitted he lacked Article III standing (just as Plaintiff does here). See *Turizo v. Solutions*, CASE NO. 21-cv-60289-ALTMAN/Hunt, 2021 U.S. Dist. LEXIS 92775 (S.D. Fl. May 17, 2021). The Court spoke directly to the lack of jurisdiction in a removed case:

> Ultimately, we agree with both parties on the central issue: Since the Plaintiff doesn't allege any tangible (or intangible) harm, see generally Complaint [ECF No. 1-1], he lacks Article III standing to proceed, see *Salcedo v. Hanna*, 96 F.3d 1162, 1166–73 (11th Cir. 2019) (concluding that a TCPA plaintiff's receipt of an unsolicited text message—without any concomitant allegation of harm—is insufficient to confer Article III standing); see also *Mittenthal*, 472 F. Supp. 3d at 1224 (dismissing a TCPA

12

case for lack of standing where the complaint "never references any tangible harm the Plaintiffs may have suffered").

Since all parties agree now that Plaintiff lacks Article III standing, this Court has no choice but to remand.

## CONCLUSION

Defendants have the burden of establishing Article III standing and subject matter jurisdiction when they removed this case. Defendants deny that standing and jurisdiction by (1) seeking dismissal of all claims as "frivolous," (2) admitting Plaintiff has no injury, (3) arguing that Plaintiff wanted the robocalls, and (4) conceding that Plaintiff lacks Article III standing.

**WHEREFORE**, the Plaintiff prays this Court remand this case to the Rhode Island Superior Court, Washington County.

The Plaintiff,
Christopher Laccinole, *pro se*


/s/ *Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

Case 1:21-cv-00252-WES-PAS   Document 15-1   Filed 01/19/22   Page 14 of 14 PageID #: 342

## CERTIFICATE OF SERVICE

      The Plaintiff certifies that on January 12, 2022, he emailed and mailed a copy of the foregoing memorandum of law via certified mail, return receipt requested to Defense Counsel for Defendants: Mark P. Dolan Jr., Rice Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903.

                                                The Plaintiff,
                                                Christopher Laccinole, *pro se*


                                                */s/ Christopher M. Laccinole*
                                                Christopher M. Laccinole
                                                23 Othmar St.
                                                Narragansett, RI 02882
                                                chrislaccinole@gmail.com